UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., Plaintiffs, v. 4 SEASONS HOME HEATING AND AIR CONDITIONING, INC., Defendant. | Civil Action No. 1:15cv727 |

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiffs' Motion for Default Judgment. (Dkt. 7.) When no representative for defendant appeared at the hearing before Judge Davis on August 14, 2015, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

### I.   INTRODUCTION

#### A.   Background

Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the

---

[1] The record before the Court includes the Complaint ("Compl.")(Dkt. 1), plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)("Mot. Default J.")(Dkt. 7), the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Default Judgment ("Mem. Supp. Mot. Default J.")(Dkt. 8), the Declaration of Walter Shaw ("Shaw Decl.")(Dkt. 9), the Declaration of David Mohl ("Mohl Decl.")(Dkt. 10), and all attachments and exhibits submitted with those filings.

1

Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMI") (collectively, "plaintiffs" or "Funds"). Plaintiffs are fiduciaries of employee benefit plans and trust funds established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002. (Compl. ¶ 5.)

Defendant, 4 Seasons Home Heating and Air Conditioning, Inc., ("4 Seasons"), is a Washington corporation and an employer in an industry affecting commerce that does business with the plaintiff Funds. (Id. at ¶¶ 6-7.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association, Local Union No. 66 ("the Union"). (Id. at ¶¶ 9-10; Shaw Decl. Ex. 1; Mem. Supp. Mot. Default J. 3.) Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") establishing the Funds. (Compl. ¶ 11; Mem. Supp. Mot. Default J. 3.)

Plaintiffs filed this action under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 1.) They seek unpaid

2

contributions, interest, liquidated damages, late fees, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Union. (Id. at ¶ 1; Mot. Default J. 2-3.)

### B.  Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff Funds bringing this action are administered in this district. (Compl. ¶ 3; Mem Supp. Mot. Default J. 2.)

This Court has personal jurisdiction over defendant pursuant to the decision in Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiffs that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions

giving rise to the claim occurred in this district. (Compl. ¶¶ 2-4.)

### C. Service of Process

On June 26, 2015, plaintiffs' private process server served defendant by delivering a copy of the original Complaint and Summons to Mike Mattila, owner of the company, designated by law to accept service of process on behalf of defendant, at 23209 58th Street E, Buckley, Washington 98321. (Dkt. 4.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On July 27, 2015, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 6.) Plaintiffs filed their Motion for Default Judgment on August 4, 2014. (Dkt. 7.)

## II. FINDINGS

Based on the Complaint, plaintiffs' Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of David Mohl, and the documents submitted in proof of damages, the undersigned makes the

following findings of fact.

Plaintiffs bring this action under §§ 502 and 515 of ERISA and under § 301 of the LMRA. (Compl. ¶ 1; Mot. Default J. 2.) Defendant 4 Seasons owes plaintiffs certain obligations pursuant to the terms of the collective bargaining agreement and the trust agreements for the Funds (collectively, "the Agreements"). (Compl. ¶¶ 10-15; Shaw Decl. ¶¶ 2-3.) The Sheet Metal Workers' International Association Local Union No. 66 approved the labor contract on plaintiffs' behalf. (Shaw Decl. ¶ 2; Shaw Decl. Ex. 1.)

The Agreements require defendant to submit monthly contributions to plaintiffs on behalf of all covered employees. (Compl. ¶ 12; Shaw Decl. ¶ 3.) In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list the amount of contributions due to the Funds on the basis of all hours worked by its covered employees. (Shaw Decl. ¶¶ 3-4.) The completed remittance reports and accompanying contributions are due to the Funds by the twentieth day after the end of each month for hours worked in that month. (Compl. ¶ 13; Shaw Decl. ¶ 4.)

According to their own remittance reports, defendant failed to remit its contributions to NPF, ITI, SMOHIT and NEMI for the period between June 2014 and November 2014. (Shaw Decl. ¶ 6.)

5

For this period, defendant is liable to the Funds for these delinquent contributions in the total amount of $6,389.71. Defendant failed to remit its contributions as well as required remittance reports to the Funds for the period between December 2014 and April 2015. (Id. at ¶ 8.) For this period, defendant is liable to the Funds in the total amount of $5,324.60. (Id. at ¶ 9.) Additionally, Defendant failed to timely submit required contributions to the Scholarship Fund for the period between August 2014 and December 2014. (Id. at ¶ 10.) For this period, defendant owes late fees to the Scholarship Fund in the amount of $250.60 which represents 10% of contributions paid late. (Id. at ¶ 14). Pursuant to the Agreements and under § 502(g)(2) of ERISA, plaintiffs are entitled to recover any unpaid contributions as well as interest, liquidated damages, and attorneys' fees for unpaid contributions.

### A. Contributions and Fees

Under ERISA, the LMRA, and the Agreements, the Funds may recover the following: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions to be calculated at the rate of 0.0233%, compounded daily, until the date paid; (3) liquidated damages in an amount equal to the greater of (i) the interest on delinquent contributions, or (ii) 20 percent of the delinquent payments; and (4) reasonable attorneys' fees and costs incurred by the Funds in pursuing the

6

delinquent amounts. (Compl. ¶¶ 14-15; Shaw Decl. ¶¶ 11-13; Mem. Supp. Mot. Default J. 6.)

The amounts now due are summarized as follows:

| Fund | Contribs. | Interest[2] | Liq. Dam. | Late Fees | Total |
|---|---|---|---|---|---|
| NPF | $9,875.27 | $526.17 | $1,975.09 | $0 | $12,376.54 |
| ITI | $1,281.30 | $80.56 | $256.26 | $0 | $1,618.14 |
| Sch. Fund | $23.80 | $.78 | $4.76 | $250.60 | $279.94 |
| SMOHIT | $213.55 | $13.42 | $42.72 | $0 | $269.69 |
| NEMI | $320.39 | $20.11 | $64.07 | $0 | $404.57 |
| TOTAL | $11,714.31 | $641.05 | $2,342.90 | $250.60 | $14,948.86 |

(Shaw Decl. Ex. 3; Mem. Supp. Mot. Default J. 6-7.)

### B. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees and costs in the amount of $2,956.79 based on $2,450.50[3] in attorneys' fees, comprised of 2.9 hours of labor by counsel at the hourly rate of $250, and 11.9 hours of labor by a legal assistant at the hourly rate of $145, and an award of costs in the amount of $506.29. (Mem. Supp. Mot. Default J. 7; Mohl Decl. ¶¶ 5-6.) In support of this request, plaintiffs submitted the Declaration of David Mohl, and a summary chart of the legal services performed. (Dkts. 10 and 10-1.)

---

[2] Interest was calculated through July 28, 2015.
[3] The Declaration of David Mohl appears to contain a typo and requests only $2,424.50 in attorneys' fees. The undersigned has calculated that the amount of fees and costs requested in the Motion for Default Judgment and supporting memorandum is the accurate amount.

7

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## III. RECOMMENDATION

The undersigned recommends that default should be entered against defendant in favor of plaintiffs. The undersigned further recommends that plaintiffs should recover from defendant $11,714.31, the sum of unpaid contributions. Plaintiffs should also recover $641.05 in interested calculated at the rate of 0.0233%, compounded daily, through July 28, 2015, $2,342.90 in liquidated damages, and $250.60 in late fees.

Finally, the undersigned recommends that plaintiffs should recover from defendant $2,956.79 in attorneys' fees and costs.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

4 Seasons Home Heating and Air Conditioning, Inc.
c/o Mike Mattila
23209 58th Street E
Buckley, WA 98321

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

September 3, 2015
Alexandria, Virginia